UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASIL A. PERRY,

        Petitioner,

                                              CASE NO. 2:06-cv-14224

v.

                                              PAUL D. BORMAN

MARY E. BERGHUIS,                     UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**ORDER DISMISSING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Basil A. Perry has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges that he pleaded no contest in state court to obtaining money by false pretenses and uttering and publishing. On May 27, 1997, he was sentenced to one year in jail and five years of probation. He did not appeal his convictions.

Petitioner filed his habeas corpus petition on September 26, 2006. The habeas petition does not allege any grounds for relief.

Although *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a pleading must contain at least "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Petitioner has failed to allege any claims. Even if he had alleged grounds for relief, he concedes that he did not raise any claims in state court. State prisoners must fairly present their claims to the state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). This requirement is satisfied if a

prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state's supreme court when that review is part of the state's ordinary appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

Furthermore, Petitioner has not demonstrated that he is "in custody" for the convictions under attack. A district court may entertain an application for the writ of habeas corpus under 28 U.S.C. § 2254 only if the state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petitioner must be "'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)) (emphasis added). "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)). The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. at 491 (emphasis in original). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492.

State court records indicate that Petitioner was discharged from the convictions under attack on August 22, 2002. He currently is serving a sentence for offenses committed on July 1,

2004.  *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=261718.  Because Petitioner is not "in custody" for the convictions which he is attacking, the habeas petition is DISMISSED with prejudice.  The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or "whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated:  October 10, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 10, 2006.

                                              s/Denise Goodine
                                              Case Manager